Good morning, Your Honors. Alisa Solano-Peterson for Appellant Victor Manuel Palma. This is a drug case. There were various transactions, but the issue before the Court is whether the interpretation of Application Note 12 as applied to this case. The question is whether in regards to the August 13, 2008 drug transaction, whether the agreed-upon amount, the agreed-upon quantity should apply or the amount actually delivered. So we're looking directly at the Application Note 12 and the language thereof, correct? Yes, that's right. And we're really looking, this sale was completed, was it not? Yes, it was. So we're really looking at the last part of the Application Note, unless the sale is completed and the amount delivered more accurately reflects the scale of the offense. Right. And how to interpret that. Well, in this case, the amount delivered does not accurately reflect the scale of the offense. I don't think the Application Note means that whenever there's a delivery, you always go with a delivery amount. You go with a delivery amount if it accurately reflects the scale of the offense. And in this case, it's clear from the record that all the parties contemplated that there was going to be a two-ounce sale. There's no question that that's in the record, I guess. I'm back again. How much was delivered? It was just under three ounces. Yeah. So why doesn't that more accurately reflect the scale of the offense? Well, that's how you interpret that language, and I would interpret it as meaning... Are you saying that this offense isn't that bad? Well, it's saying that you're culpable for... Well, your bad acts. And in this case... I appreciate you're culpable for your bad acts, but I'm reading the language. More accurately reflects the scale of the offense. Right. And it's my position that the scale of the offense should also include what the parties were contemplating because they were contemplating a scale of two ounces. They were not contemplating a scale of three ounces, and we don't even know how there was a larger drug amount. What makes you think scale of the offense has anything to do with contemplation? Well, it's basically that... What was his offense? Pardon? What was the offense? It was distribution. Right. So distribution of drugs. So that's a pretty tough offense in comparison. That's true, but the punishment usually goes by the quantity of drugs. But also, according to this application note, for example, it's applied in the other way around where there's an incomplete sale, you know, there is actually no delivery, then you go by the agreed upon amount. So therefore, you're not just going by the amount of actual drugs involved, you're going by, you know, what the parties contemplated. Now, why is it that you can't apply it the other way? Why, if it actually favors the defendant or, you know, might give them less punishment or something like that, why do the rules suddenly change? Just because there might be, you know, just because, you know, there was less drugs delivered. Let me go at this just a little bit different. Supposing that we don't think about that, but there is one other delivery, count four, which was another ounce. Right. And the other ounce added to the two ounces would be three ounces, so why send it back to the old DJ now to add one and two and put it in the same thing and come up with the same old result when he gave your client a break anyway with the sentence? Well, because it would seem to imply a problem of North Carolina versus Pierce, an issue of vindictiveness. The reason is nobody knows. Why is it vindictive if you send it back in the pre-sentence investigation report now rather than dealing with two ounces from one particular charge in count three? It now deals with two ounces in count three and another ounce in count four and comes up with the same base level, and there we are. The judge doesn't even have to look at it. He just looks at the pre-sentence report, which has been redone, and our case law would say that'd be fine. Well, I would say that we don't really know why that October transaction was omitted. I mean, it's not the same as a computational error. It was just omitted for whatever reason. Can I just ask a question on that? Yes. I think you're assuming something that I think is an issue. You say it was omitted from the PSR. Isn't it a fact that it was not omitted from the PSR? It was identified in the first part of the PSR, but when he came to the calculation section, same PSR, he inadvertently omitted that count and didn't calculate it. But now you say it was omitted, but was it omitted? I don't mean it in that way. It was mentioned in the PSR. That's why you have vindictiveness when you're not changing anything. You're not changing the PSR. You're just correcting it. And you want us to forgive your client for being charged with something he didn't intend, but at the same time you're insisting that the PSR probation officer not be forgiven for listing that ounce but failing to calculate it. So are you applying a double standard there? Well, no. What I'm saying is we don't actually know. It was obviously everyone knew about it, about that transaction. We don't actually know at this point on the record before us why it was omitted, whether it was delivered or not. I mean, there may have been something wrong with that transaction. That's why they omitted it. We actually don't know. Well, there's nothing in the record to suggest any of that. Pardon? There's nothing in the record to suggest any of that. It was identified, and there was a plea of guilty to it. I don't know where you're coming from now. I'm just saying that the argument is that there may have been a reason that we don't know clearly why it was omitted. So to change the situation just to give him a harsher sentence the second time around would be a form of vindictiveness. Let me ask you this. Have you ever thought about, and this is something that I thought about in reviewing this, and I worried a little bit for your own benefit, have you ever thought about that if we read this language, as I had suggested, the scale of the offense to look at distribution here, and therefore they easily could go with three ounces, and then they go back and have the correct, if you will, based upon the count for really not being added in by the PSR as it should adequately have been, that your client could stand for four ounces? And I'm wondering if you really want to take that chance. I don't quite understand. In other words, if we take the language that you're talking about in Application Note 12, and we apply scale of the offense not to, as you suggest, but that the offense itself is a pretty bad one, it's a bad offense, so the scale is bad, and now we allow the PSR to be amended as well because they just screwed up and didn't put in count four in the calculation, one could be suggesting in a PSR four ounces. I don't quite understand the four ounces. The way I look at it is that if this offense goes by the lesser amount, then the omitted offense would basically compensate for it and it would be the same offense. Well, that's the bad part of what your calculation is. You're saying if the first offense, count three, is only the lesser amount, or two ounces the amount intended, then you can't only add one more in. But I'm suggesting that the language of Application 12 is what we're really interpreting here. And if we interpret that language to suggest that it on its own will allow for three ounces, plus it's sent back for the district court then to appropriately evaluate the count four, which is another ounce, your client could really be facing a four ounce problem. Well, obviously, I wouldn't want that to happen. I would think so. That's why I didn't know why you really want to fight this. At least you understand what he's saying now. Yes, but anyway, obviously that's not my intention. And just briefly, as far as the other issue about the supervised release, there is a case that's on point and the other side has conceded, so it should be remanded as far as the supervised release condition is concerned because U.S. Charleston involved the exact same language in the supervised release condition. All right. Thank you. Can I reserve anything for rebuttal? Well, you've already lost that rebuttal, but I'll see. I'll test my heart. Good morning, Your Honors. May it please the Court, Jeff Mitchell on behalf of the United States. I'd like to start off by clarifying the record. The government did object to the PSR at sentencing. It noted that the October 2nd transaction was omitted. The district court found that it was error, that the October 2nd should apply, and that the defendant was going to be held responsible for the three ounces on August 13th as well as the ounce on October 2nd. So the district court did make those findings. It's in the record. But even the guideline range that was in the record doesn't reflect four ounces, does it? I'm sorry, Your Honor? I'm understanding that the guideline range that was in the PSR was only for three ounces. The guideline range itself would not change, but the calculation in the PSR was for just three ounces, that is correct. That is my question, maybe as judges also. If we went with three ounces on the issue of appeal here, if we went with three with the government, and then we added the one that was omitted, and we'd get four, would we still have the same guideline range so that the court could have still sentenced the same as he did? Yes, Your Honor. Or would it be a higher? No, it would be the same range. Same one. And that is actually the finding that the district court made. The district court found that it should be three ounces for the August 13th transaction and the October 2nd transaction for one ounce. So that is the record before the court, that those findings were made by the district court judge. Let me ask you another question. Let's shift now to the terms and conditions of probation, because I think that's your tougher issue. I mean, I guess you'll agree with counsel that some part of what the district court did, even though not objected to, was plain error, right? For the first part of condition two, yes, the condition is identical to United States v. Johnson, and the government conceded that in its answering brief. And so, therefore, we must eliminate some of condition two. That is correct, Your Honor. How do we do such a thing? Well, I believe the court has the power to amend the judgment and commitment order without remanding it. But if it was to remand, I believe a limited remand just for the conditions of supervised release would be appropriate. And I think if the court just deleted the portions that relate to people associated with the gang, I think we would have the appropriate language. All right. Anything else? No, Your Honor. Thank you for your argument. Thank you, Your Honor. You can say one thing. The one thing is. . . Not one thing in M-10, but one. I'll try. The one thing is, if you were going to rule against a defendant and go for the higher amount, the three ounces, there would be no reason to send it back just to add the October offense in there because that was waived. Nobody objected to the PSR. You know, everything was waived. They didn't raise this on appeal. No one raised it on appeal. No one said, please add it in. But there was an objection on the sentencing hearing by the government to the omission of the October 2 computation, wasn't there? Not really, no. Not really? It would be the same. They're saying that if you went by the two ounces, it wouldn't change the offense level because the court could do that is what they were saying. The court could add it in. Well, there's an effect that they did point it out, objected to it, but they said, but it really wouldn't make any difference because it would compensate for the third ounce. Right. But it was in terms of the compensation. But they did object to it, and they pointed it out. Well, only in terms of the court could compensate, but not in terms of, well, we really think this should be added in, so let's add it in now. They didn't say that, so there would just be no reason to remand it. Their suggestion would require adding it in, would it not? Pardon? Their suggestion about it compensating for the other amounts to them adding it in, doesn't it? No. Forgiving the first and adding in the second. No, no. It's basically one or the other is what they were saying. It's like if you're going to reduce this, then add this one in is what they were saying. All right. Thank you. We gave you more questions on your one point than you may have probably wanted, but thank you for your... The case 09-50624, United States of America v. Palma is hereby submitted.
judges: Brewster, Fletcher B. , Smith N. R.